**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DAVID BARNHART,**            **PETITIONER**

**v.**            **No. 1:12CV6-A-A**

**STATE OF MISSISSIPPI, ET AL.**            **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of David Barnhart for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State seeks dismissal of the petition for failure to state a claim. Barnhart has responded, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted and Barnhart's petition dismissed for failure to state a claim.

**Facts and Procedural Posture**

David Barnhart is incarcerated in the Warm Springs Correctional Center in Carson City, Nevada. (confirmed through the Nevada Department of Corrections online inmate locator search at www.doc.nv.gov). He ha s been indicted for one (1) count of armed robbery in Lowndes County, Mississippi. Barnhart is currently facing extradition for this charge. (Circuit Court Cause No. 10-0453-CRI).

On January 9, 2012, Barnhart filed the instant federal *habeas corpus* petition in which he raises no grounds – but requests that the court dismiss all Mississippi criminal proceedings against him. ECF, doc. 1. Barnhart has not yet been convicted and sentenced; as such, he is not Mississippi state inmate. Barnhart is, instead, a pre-trial detainee; therefore, the court will review the petition under 28 U.S.C. § 2241, the proper vehicle for analysis of *habeas corpus*

claims in which the petitioner is not being held pursuant to a state court judgment.

## Discussion

A pre-trial detainee has a right to seek federal *habeas corpus* relief. *Braden v. 30 Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973). However, "federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. In addition, a petitioner is not permitted to derail "a pending *state* proceeding by an attempt to litigate constitutional defenses prematurely in *federal* court." *Id.* at 493 (emphasis added). Further, there is a "distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976). Those who pursue pretrial *habeas corpus* petitions seek:

> [either] to dismiss an indictment or otherwise prevent a prosecution[, or] to force the state to go to trial . . . . While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988). If, as in the instant case, petitioner is attempting to prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83; *Braden*, 410 U.S. at 489.

In the present case, Barnhart, who is incarcerated in another state, seeks to have his Mississippi criminal charges dismissed based upon his right to a speedy trial – an affirmative

defense to the criminal charges. As discussed this claim for relief cannot be achieved through federal *habeas corpus*. As such, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 10th day of October, 2012.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**